McGREGOR W. SCOTT
United States Attorney
CAROLYN K. DELANEY
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2798

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>THOMAS ANTHONY HYATT, )<br>)<br>Defendant. )<br>_____) | CR NO. S. 05-216 DFL<br><br>RULE 32 SENTENCING<br>DETERMINATIONS |

On September 21, 2006, at 10:00 a.m., this matter came on calendar for sentencing. The United States appeared through Assistant U.S. Attorney Carolyn K. Delaney. Defendant Thomas Hyatt appeared with his counsel, Caro Marks.

After hearing argument regarding the defendant's Motion to Correct the Pre-Sentence Report the Court made the following findings and determinations.

    1.    By clearing and convincing evidence the Court found that the defendant intended to engage in sexually explicit conduct with a minor, and that he intended to videotape the sexually explicit conduct.

    2.    The Court therefore denied the defendant's motion to correct the pre-sentence report and found that U.S.S.G.

1

    § 2G2.1 should apply as a cross-reference from U.S.S.G. § 2G1.3(c)(1) because the offense involved causing and seeking by notice or advertisement or by other method, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

3. The Court further found that the applicable guideline level was a 33, with a criminal history category of I, as recommended by the pre-sentence report.

4. The Court granted a downward Booker-departure from the guidelines, however, finding that 18 U.S.C. 3553(a) factors warranted a reduced sentence based on the defendant's history and characteristics, particularly his serious mental illness and the absence of a criminal history. In addition, although the higher guideline applies, the guideline appears directed at those with an intent to sell or distribute pornography. There is no evidence of such an intention by defendant.

Accordingly, the Court imposed a sentence of 96 months incarceration, a 10 year term of supervised release, a $100 penalty assessment, and the other terms and conditions as recommended by the probation officer.

DATE: 10/6/2006

_____
DAVID F. LEVI
United States District Judge